IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WALTER JAMES AINSWORTH,<br>  Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE,<br>INC.,<br>  Defendant. | §<br>§<br>§<br>§  Civil Action No. 3:18-CV-1343-M-BH<br>§<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By order of reference dated June 20, 2018 (doc. 16), before the Court for recommendation is the plaintiff's "*Notice Motion for Stay of Foreclosure Sale Pending Determination of Plaintiffs* [sic] *Motion to Cancel Sale*," filed June 1, 2018 (doc. 10). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

On May 5, 2014, Walter James Ainsworth (Plaintiff) and his wife filed a suit in Texas state court for claims arising from the attempted foreclosure of real property located at 400 Gingko Circle, Irving, Texas 75063 (the Property). *See Ainsworth v. Wells Fargo Home Mortgage Inc., et al.*, No. 3:14-CV-1942-M-BH (N.D. Tex.) (doc. 1-4 at 2-10).[1] In that suit, he asserted claims for violation of the Texas Debt Collection Practices Act and quiet title against Wells Fargo Home Mortgage, Inc. (Defendant) and two additional defendants. (*Id.*) In response, Defendant asserted a counterclaim for foreclosure on the Property. (*Id.* at doc. 19). After that suit was removed to this court, all of Plaintiff's claims were dismissed with prejudice, (*id.* at docs. 24, 26, 27, 58, 59, 60), Defendant was granted summary judgment on its foreclosure counterclaim, and a final judgment authorizing

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Defendant to foreclose on its lien "on the real property located at 400 Gingko Circle, Irving, Texas 75063 in accordance with the note, deed of trust, and § 51.002 of the Texas Property Code" was entered, (*id.* at doc. 94).

On May 25, 2018, Plaintiff filed this suit, contending that Defendant "ignored the Court's ruling" from the prior suit when it filed a Notice of Substitute Trustee's Sale scheduling the foreclosure sale for June 5, 2018. (doc. 3 at 1.) He requests that this foreclosure sale be "prohibit[ed] as unlawful" because it "did not follow the Court's Final Order" from the prior suit. (*Id.*)  On June 1, 2018, Plaintiff filed a "Notice Motion for Stay of Foreclosure Sale Pending Determination of Plaintiffs [sic] Motion to Cancel Sale." (doc. 10.) He asks that "the Court stay this foreclosure sale on June 5, 2018[,] because of [the] limited time for the [C]ourt to review Plaintiff's motion." (*Id.* at 1.)  On June 4, 2018, Plaintiff filed proof of service showing that CT Corporation System had been served with process on behalf of Defendant on that date. (doc. 14 at 1.)[2] He later notified the Court that the foreclosure sale was postponed to July 3, 2018. (doc. 15.)

## II. TEMPORARY RESTRAINING ORDER

Plaintiff's "motion for stay" is liberally construed as a motion for a temporary restraining order (TRO) enjoining the scheduled foreclosure sale. (doc. 10.) A party may obtain a TRO without notice to the other side if it satisfies the necessary requirements, which are:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  The party seeking a TRO or preliminary injunction has the burden to show

---

[2] It is not clear from the docket whether Defendant has been served with the motion to stay.

entitlement to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Here, Plaintiff has not satisfied the requirements for a TRO under Rule 65(b) because he failed to submit an affidavit or verified complaint which clearly shows an immediate, irreparable injury, loss, or damage that will result before the Defendant can be heard in opposition, and he also failed to provide a written certification of the efforts made to give notice or proffering reasons why notice should not be required. His motion is subject to denial for this reason alone.

Nevertheless, "[t]o obtain a temporary restraining order, [Plaintiff] must show entitlement to a preliminary injunction." *Mktg. Investors Corp. v. New Millennium Bank*, No. 3:11-CV-1696-D, 2011 WL 3157214, at *1 (N.D. Tex. July 26, 2011) (Fitzwater, C.J.) (citations omitted). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, the movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation omitted). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

**A.     Likelihood of Success**

To establish the first element of likelihood of success on the merits, a "plaintiff must present a prima facie case but need not show that he is certain to win." *Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011). The first element is assessed by looking at standards provided by substantive law.

*Id.* (citing *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)).

Though Plaintiff's complaint alleges that the foreclosure sale fails to comply with the Final Judgment issued in the prior suit, both his complaint and motion wholly fail to explain exactly how this sale is "unlawful," or how it does not comply with the relevant documents or statutory requirements. (docs. 3, 10.) In his later-filed "Response," he appears to contend that the foreclosure sale is "unlawful" because Defendant failed to issue any new notices of default or acceleration after it was granted summary judgment, but he does not cite to any authority that the initial notices of default and acceleration, which were previously found by this Court to be effective, are now insufficient and must be re-sent.[3] (*See* doc. 15.) He has accordingly failed to establish a likelihood of success on the merits of his claim.

**B.    Irreparable Harm**

To satisfy the second element of the preliminary injunction standard, the plaintiff must show "that if the district court denied the grant of a preliminary injunction, irreparable harm would result." *Janvey*, 647 F.3d at 600 (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). Injuries are irreparable only when they "cannot be undone through monetary remedies." *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008) (citation omitted).

Though Plaintiff does not directly explain why the foreclosure sale would cause irreparable harm, the loss of a home has been found to cause an irreparable injury. *See Belknap v. Bank of America, N.A.*, G-12-198, 2012 WL 3150271, at *3 (S.D. Tex. Aug. 1, 2012) (citation omitted); *see also U.S. v. Goltz,* SA-06-CA-503-XR, 2007 WL 295558, at *3 (W.D. Tex. Jan. 25 2007) (loss of

---

[3] Also in the filing that Plaintiff identifies as a "Response," he appears to assert claims based upon Defendant's failure "to respond to Plaintiff's letter, dated July 12, 2012, in response to Defendant[']s notices." (doc. 15 at 1-2.)

4

property is usually considered an irreparable injury). Irreparable harm alone will not support equitable relief, however, because "the likelihood of success is the 'main bearing wall'" of the test." *Id.* (citation omitted); *see also Goltz*, 2007 WL 295558, at *3.

**C.     Balance of Equities**

The third element requires a preliminary injunction applicant to show that the threatened injury outweighs any harm the injunction might cause. *See Winter*, 555 U.S. at 23. Plaintiff does not address this element in either his motion or complaint. (*See* docs. 3, 10.) He has therefore also failed to meet his burden with respect to the third element of the preliminary injunction standard, i.e., that the balance of equities weighs in his favor. *See Thompson v. Hughes, Watters & Askanase, LLP*, No. 3:13-CV-429-G-BH, 2013 WL 705123, at *3 (N.D. Tex. Jan. 31, 2013), *adopted by* 2013 WL 705883 (N.D. Tex. Feb. 27, 2013).

**D.     Public Interest**

The fourth and final element requires a preliminary injunction applicant to show that the injunction is in the public interest. *Winter*, 555 U.S. at 20. Plaintiff fails to address why enjoining the foreclosure sale of the Property is in the public interest, and other courts have found that this factor is neutral because only the parties to the suit are affected by an impending foreclosure sale. *See Thompson*, 2013 WL 705123, at *3; *see also Belknap*, 2012 WL 3150271, at *3.

In conclusion, Plaintiff's unsupported conclusory statements are not sufficient to show entitlement to preliminary injunctive relief. *See Preston v. Seterus, Inc.*, 3:12-CV-2395-L, 2012 WL 3848122, at *3 (N.D. Tex. Sept. 5, 2012) (citing *Hunt v. Bankers Trust Co.*, 646 F. Supp. 59, 66 (N.D. Tex. 1986). He has failed to carry his burden to show why a TRO or a preliminary injunction should issue in this case.

## III. RECOMMENDATION

Plaintiff's motion should be **DENIED.**

**SO RECOMMENDED** on this 21st day of June 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE