IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WALTER JAMES AINSWORTH,** § | |
| Plaintiff, § | |
| § | |
| § | Civil Action No. 3:18-CV-1343-M-BH |
| v. § | |
| § | |
| **WELLS FARGO HOME MORTGAGE** § | |
| **INC.,** § | |
| Defendant. § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management. Before the Court for recommendation is *Defendant's Motion to Dismiss and Brief in Support*, filed June 26, 2018 (doc. 19). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED.**

**I. BACKGROUND**

This case presents a second attempt to prevent the foreclosure of real property. (doc. 3 at 1.)[1] On May 5, 2014, Walter James Ainsworth (Plaintiff) and his wife filed a suit in Texas state court based on the attempted foreclosure of real property located at 400 Gingko Circle, Irving, Texas 75063 (the Property). *See Ainsworth v. Wells Fargo Home Mortgage Inc., et al.*, No. 3:14-CV-1942-M-BH (N.D. Tex.) (doc. 1-4 at 2-10). Plaintiffs asserted claims for violation of the Texas Debt Collection Practices Act and quiet title against Wells Fargo Home Mortgage, Inc. (Defendant) and two additional defendants. (*Id.*) In response, Defendant asserted a counterclaim for foreclosure on the Property. (*Id.* at doc. 19). After that suit was removed to this court, all of Plaintiffs' claims were

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

dismissed with prejudice, (*id*. at docs. 24, 26, 27, 58, 59, 60), Defendant was granted summary judgment on its foreclosure counterclaim, and a final judgment was entered that authorized it to foreclose on its lien on the Property "in accordance with the note, deed of trust, and § 51.002 of the Texas Property Code," (*id*. at doc. 94).

On May 25, 2018, Plaintiff filed this suit, contending that Defendant "ignored the Court's ruling" from the prior suit when it filed a Notice of Trustee's Sale scheduling the foreclosure sale of the Property for June 5, 2018. (doc. 3 at 1.) He requests that this foreclosure sale be "prohibit[ed] as unlawful" because it "did not follow the Court's Final Order" from the prior suit. (*Id*.) Plaintiff's complaint can be liberally construed as asserting a claim for wrongful foreclosure, as well as for declaratory relief and injunctive relief. (*See id.*) Plaintiff subsequently filed a "Notice Motion for Stay of Foreclosure Sale Pending Determination of Plaintiffs [sic] Motion to Cancel Sale" on June 1, 2018 (doc. 10.), which was denied on July 11, 2018 (doc. 21).

On June 26, 2018, Defendant moved to dismiss this action. (doc. 19.) Plaintiff did not file a responsive pleading, and this motion is now ripe for recommendation.

## II. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 19 at 2.)

**A.     Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) *cert. denied*, 530 U.S. 1229 (2000). It is well-established that

"*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d. at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

3

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs.*, 343 F.3d at 725. It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Plaintiff attaches to his complaint the "Notice of [Substitute] Trustee's Sale," and the May 25, 2018 *Findings, Conclusions, and Recommendation* that was entered in the first suit. (doc. 3 at 2-12.) These documents are therefore considered part of the pleadings. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.[2]

**B.** **<u>Wrongful Foreclosure</u>**

Plaintiff claims that Defendant's attempted foreclosure of the Property is unlawful and is contrary to the final judgment that authorized Defendant to foreclose on the Property. (doc. 3 at 1). This allegation is construed as a claim for wrongful foreclosure.

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, and unfairness in foreclosure proceedings. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (citing 30 TEX. JUR. 3d *Deeds of Trusts and Mortgages* § 177 (1998)). In Texas, "a debtor

---

[2] Additionally, the court's record for the prior case can also be judicially noticed in considering a Rule 12(b)(6) motion. *See* Fed. R. Evid. 201(b)(2)(a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed").

4

may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920 at *2 (N.D. Tex. Aug. 1, 2011) (citing *Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975)). The plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). A procedural defect may occur when the foreclosing party either "fails to comply with statutory or contractual terms," or "complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Matthews*, 2011 WL 3347920 at *2. Recovery is not available merely upon the showing of a defect in the foreclosure process; "it is also necessary that there be [a] [grossly] inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011). For that reason, "[a]n attempted wrongful foreclosure is not an action recognized under Texas law." *See Motten v. Chase Home Fin.*, 831 F.Supp.2d 988, 1007 (S.D. Tex. 2011) (quoting *Baker v. Countrywide Home Loans*, Inc., No. 3:08–CV–0916–B, 2009 WL 1810336, *4 (N.D. Tex. June 24, 2009) ("Because recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure. As such, courts in Texas do not recognize an action for attempted wrongful foreclosure.")).

Plaintiff alleges that Defendant's attempted foreclosure is unlawful because it does not comply with the prior order of foreclosure. (doc. 3 at 1). His complaint, however, does not state any

5

facts supporting the elements of a wrongful foreclosure claim. In fact, his request for injunctive relief to stop a foreclosure sale establishes that the Property has not been sold, which negates the existence of facts that the Property has been sold for a grossly inadequate price. *Motten,* 831 F. Supp.2d at 1007; *see, e.g., Lucas v. Ocwen Home Loan Servicing*, No. 3:13-CV-1057-G, 2014 WL 7059274, at *8 (N.D. Tex. Nov. 21, 2014), *recommendation adopted by* 2014 WL 7146033 (N.D.Tex. Dec. 12, 2014) (finding mortgagee failed to state a wrongful foreclosure claim where the Property had not been sold); *Byrd v. Chase Home Fin. LLC*, No. 4:11-CV-022-A, 2011 WL 5220421, at *4 (N.D. Tex. Oct. 31, 2011) (dismissing wrongful foreclosure claim where the plaintiffs alleged a procedural defect but they failed to assert any facts showing a grossly inadequate selling price resulted from the defect). Accordingly, Defendant's motion to dismiss the wrongful foreclosure claim should be granted. *See Pollett*, 455 F. App'x at 415 (affirming dismissal of wrongful foreclosure claim where the plaintiff "failed to allege (1) that his home sold for a grossly inadequate selling price and (2) a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price").

C.   **Declaratory Judgment**

Liberally construed, Plaintiff's petition also appears to assert a request for declaratory relief. (*See* doc. 3 at 1.) A court may *sua sponte* dismiss a plaintiff's claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of its intention and an opportunity respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). "The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond." *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-0082-N-BH, 2012 WL

6

6764551, at *7 (N.D. Tex. Dec. 10, 2012), *recommendation adopted by* 2013 WL 55669 (N.D. Tex. Jan. 4, 2013) (citing *Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)).

The federal Declaratory Judgment Act (Act) provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.  The Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (citations and internal quotation marks omitted).  The Act is an authorization and not a command, and allows federal courts broad, but not unfettered, discretion to grant or refuse declaratory judgment. *Id.*

Here, Plaintiff requests "the Court reaffirms its order that the foreclosure be done 'in accordance with the note, deed of trust, and Sec 51.002 of the Texas Property Code.'" (doc. 3 at 1.) As discussed, Plaintiff fails to state a plausible substantive claim for relief or show that a present genuine controversy exists between the parties. *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5-6 (N.D. Tex. Aug. 16, 2011), *aff'd by* 514 F. App'x 513, 2013 WL 657772 (5th Cir. 2013) (declining to entertain the plaintiff's request for declaratory

7

judgment where he had not pleaded a plausible substantive claim). He therefore fails to state a claim in support of declaratory relief, and it should be dismissed.

**D.    Injunctive Relief**

Defendant seeks to dismiss Plaintiff's request for injunctive relief, arguing that the claim cannot survive without a viable cause of action. (doc. 19 at 5).

"To obtain injunctive relief, a plaintiff is required to plead and prove, *inter alia*, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Here, Plaintiff alleges that Defendant is attempting a wrongful foreclosure and requests that the court "stop, prohibit this unlawful foreclosure sale on June 5, 2018 that did not follow the Court's Final order against Defendants" because the Defendant allegedly "ignored the court's ruling that foreclosure shall be in accordance with the note, deed of trust and Sec[tion] 51.002 of the Texas Property Code and filed a 'Notice of Trustee's Sale' (attached) scheduled for June 5, 2018." (doc. 3 at 1). Nevertheless, because his substantive claims are subject to dismissal on the merits, Plaintiff cannot establish any likelihood of success on the merits. *See Mitchem v. Mortg. Elec. Registration Servs., Inc.*, No. 3:12-CV-1762-M-BH, 2013 WL 3870038, at *11 (N.D. Tex. July 26, 2013). Accordingly, the motion to dismiss Plaintiff's request for injunctive relief should be granted.

### III.  OPPORTUNITY TO AMEND

Notwithstanding a *pro se* party's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v.*

*Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010). Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, although Plaintiff has not amended his complaint since filing this action, he failed to file a response to the motion to dismiss after being specifically invited to do so. (doc. 20.) Moreover, this is his second lawsuit to prevent foreclosure of the Property, and his current claim for wrongful foreclosure fails as a matter of law because the Property has not been sold, which also eliminates the underlying claim necessary to support his requests for injunctive relief and declaratory relief. It therefore appears that he has pleaded his best case, and all claim against Defendant should be dismissed with prejudice without further opportunity to amend.

## IV. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and all of Plaintiff's claims should be **DISMISSED with prejudice.**

9

**SO RECOMMENDED** on this 3rd day of December, 2018.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE